## IN THE COURT OF APPEALS OF TENNESSEE,
## AT NASHVILLE

| | | |
|---|---|---|
| **LETA MEEK HOALCRAFT,** | ) | Williamson County Circuit Court |
| | ) | No. II-91068 |
| Plaintiff/Appellant, | ) | |
| | ) | C.A. No. M1999-00143-COA-R3-CV |
| VS. | ) | |
| | ) | |
| **WALTER TROY SMITHSON**, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |
| | ) | |

**FILED**

**February 29, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

From the Circuit Court of Williamson County at Franklin.
**Honorable Russ Heldman, Judge**

**R. E. Lee Davies**,
HARTZOG, SILVA & DAVIES, Franklin, Tennessee
Attorney for Plaintiff/Appellant.

**Virginia Lee Story**, Franklin, Tennessee
Attorney for Defendant/Appellee.

OPINION FILED:

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED**

**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**LILLARD, J.**: (Concurs)

At the time of their divorce in December of 1988, Plaintiff Leta Hoalcraft and Defendant Walter Troy Smithson agreed that Mrs. Hoalcraft would have custody of their two minor children and that Mr. Smithson would have visitation with the children. In June of 1997, Mrs. Hoalcraft filed a petition requesting permission to relocate with the children to Thailand. In his answer to this petition, Mr. Smithson requested a change of custody. After a hearing on the matter,

Mrs. Hoalcraft's petition to relocate was granted and Mr. Smithson's request for a change of custody was denied.

In August of 1998, Mrs. Hoalcraft sent a letter to the Circuit Court Clerk advising the Clerk that she had not received any child support from Mr. Smithson since June of 1997. As a result of this letter, the court entered a show cause order requiring the appearance of Mr. Smithson. Mr. Smithson subsequently filed a petition seeking a change of custody. Mrs. Hoalcraft filed an answer to the petition and a counter-claim seeking payment of Mr. Smithson's child support arrearage. Mr. Smithson then filed a motion asking the court to interview the parties' children in chambers. The trial court subsequently entered an order requiring Mrs. Hoalcraft to return the children from Thailand to Tennessee for visitation with Mr. Smithson. In December of 1998, the trial court interviewed the children in chambers. The court then conducted a full hearing on Mr. Smithson's petition, which resulted in an order removing the children from the custody of Mrs. Hoalcraft and placing them in the custody of Mr. Smithson. Mrs. Hoalcraft appealed this ruling. In December of 1999, this Court issued an opinion reversing the ruling of the trial court and restoring the parties' original custody arrangement. *See Hoalcraft v. Smithson*, No. M1999-01837-COA-R3-CV, 1999 WL 1206671 (Tenn. Ct. App. Dec. 17, 1999).

During the pendency of Mrs. Hoalcraft's appeal of the trial court's order granting a change of custody, Mr. Smithson filed a motion asking the court to set child support. After a hearing on the matter in June of 1999, the trial court ruled (1) that, beginning in January of 1999, Mrs. Hoalcraft is obligated to pay child support to Mr. Smithson in the amount of $554.00 per month, (2) that any amounts owed to Mr. Smithson should be applied towards his child support arrearage, and (3) that Mr. Smithson is entitled to a $5,400.00 credit against his child support arrearage for the cost of airline tickets that he purchased for the parties' children when they returned from Thailand to Tennessee for visitation. The parties filed separate motions to amend the trial court's ruling. The court granted Mrs. Hoalcraft's motion, amending its ruling to decrease the amount of Mr. Smithson's judgment to $8,210.00 and increase the amount of Mrs. Hoalcraft's judgment to $25,051.03. The parties then entered a consent order reducing the amount of Mrs. Hoalcraft's judgment to $24,306.93. This appeal followed.

The issues raised on appeal, as we perceive them, are as follows:

1.     Did the trial court err in ordering Mrs. Hoalcraft to pay child support?

2.     Did the trial court err in giving Mr. Smithson a credit against his child support arrearage for the cost of flying the children from Thailand to Tennessee for visitation?

3.      Is Mr. Smithson entitled to an award of attorney's fees incurred at trial and on appeal?

To the extent that these issues involve questions of fact, our review of the trial court's ruling is *de novo* with a presumption of correctness. *See* T.R.A.P. 13(d). Accordingly, we may not reverse these findings unless they are contrary to the preponderance of the evidence. *See, e.g., Randolph v. Randolph*, 937 S.W.2d 815, 819 (Tenn. 1996); T.R.A.P. 13(d). With respect to the trial court's legal conclusions, however, our review is *de novo* with no presumption of correctness. *See, e.g., Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999); T.R.A.P. 13(d).

At the hearing on his motion to set child support, Mr. Smithson took the position that Mrs. Hoalcraft is willfully and voluntarily unemployed. Accordingly, he argued that, pursuant to Chapter 1240-2-4-.03 of Tennessee's child support guidelines,[1] Mrs. Hoalcraft's imputed income is $25,761.00 per year and that she is obligated to pay support for the parties' two children in the amount of $554.00 per month. Chapter 1240-2-4-.03 provides in pertinent part as follows:

> (d)    If an obligor is willfully and voluntarily unemployed or underemployed, child support shall be calculated based on a determination of potential income, as evidenced by educational level and/or previous work experience.
>
> (e)    When establishing an initial order and the obligor fails to produce evidence of income (such as tax returns for prior years, check stubs, or other information for determining current ability to support or ability to support in prior years), and the court has no other reliable evidence of the obligor's income or income potential, gross income for the current and prior years should be determined by imputing annual income of $25,761. This figure represents an average of the median annual income for Tennessee families as provided by the 1990 U.S. Census of Income and Poverty data for Tennessee Counties.

Tenn. Comp. R. & Regs. ch. 1240-2-4-.03 (3)(d-e) (1994). The trial court agreed with Mr. Smithson, stating as follows:

> [T]he mother shall pay child support in the amount of $554.00 per month beginning January 1999 and each month thereafter as provided by law. . . . [S]aid amount of support is in compliance with the child support guidelines based upon Mother['s] previous employment and earning capacity.

---

[1]Section 36-5-101 of the Tennessee Code Annotated provides that, when ruling on matters of child support, the court is instructed to follow the guidelines promulgated by the Tennessee Department of Human Services. *See* Tenn. Code Ann. § 36-5-101(e)(2) (Supp. 1999); *Herrera v. Herrera*, 944 S.W.2d 379, 386 (Tenn. Ct. App. 1996).

On appeal, Mrs. Hoalcraft argues that she is not willfully and voluntarily unemployed and that, consequently, the trial court erred in adopting the presumption of income set forth in Chapter 1240-2-4-.03. After obtaining the permission of the trial court, Mrs. Hoalcraft relocated to Thailand with the parties' two children.[2] Mrs. Hoalcraft testified that she does not have a valid work permit allowing her to work while in Thailand, nor is she able to obtain such a permit. Mrs. Hoalcraft testified that, so long as she remains in Thailand, she is legally prohibited from earning income. Mrs. Hoalcraft further testified that, if she was caught working for wages while in Thailand, both she and her husband would be subject to deportation. Mr. Smithson did not refute her testimony. Additionally, Mr. Smithson did not produce any evidence suggesting that Mrs. Hoalcraft's unemployment is willful and voluntary within the meaning of Chapter 1240-2-4-.03. This provision applies to parents who choose to be unemployed or underemployed in order to avoid paying support for their minor children. Based on our review of the evidence, we do not think that the purpose of Mrs. Hoalcraft's relocation to Thailand was to avoid her obligation to support the parties' children. On the contrary, at the time of the relocation, Mrs. Hoalcraft had custody of the children and it was Mr. Smithson who was under court order to make monthly child support payments. Because Mr. Smithson failed to prove that Mrs. Hoalcraft is willfully and voluntarily unemployed, we conclude that the trial court improperly applied the presumption of income contained in Chapter 1240-2-4-.03. Rather, the court should have determined that, under the unique circumstances of the case at bar, Mrs. Hoalcraft is unable to earn a living and therefore is not required to pay child support to Mr. Smithson.[3] We therefore reverse the trial court's ruling with respect to the matter of child support.

In ruling on Mr. Smithson's motion to set child support, the trial court adopted a proposal submitted by Mr. Smithson that provided for a credit against his child support arrearage in the amount of $5,400.00, the cost of the airline tickets that Mr. Smithson had purchased for the children when they were returned to Tennessee for visitation and to be interviewed in conjunction with Mr. Smithson's petition for a change of custody. Mrs. Hoalcraft argues on appeal that the allowance of such a credit is inequitable. The proper allocation of travel expenses in child custody and support cases is within the sound discretion of the trial court. *See Bowers v. Bowers*, 956

---

[2]The reason for this relocation was that Mrs. Hoalcraft's current husband had accepted a three-year overseas assignment with his employer. This assignment is scheduled to end sometime in the year 2001, at which time Mrs. Hoalcraft and her current husband intend to return to the United States.

[3]Mr. Smithson suggests that, if Mrs. Hoalcraft is not required to pay child support while residing in Thailand, obligor parents all across Tennessee will flee the country in an attempt to avoid the obligation of paying child support. We disagree. As stated above, the purpose of Mrs. Hoalcraft's relocation to Thailand was not to avoid paying child support for the parties' children. If, unlike Mrs. Hoalcraft, an obligor parent moves to another country for this purpose, then the parent would be willfully and voluntarily unemployed or underemployed within the meaning of Chapter 1240-2-4-.03 and thus would be required to pay child support based on his or her potential income rather than actual income.

S.W.2d 496, 500 (Tenn. Ct. App. 1997)(holding that, under the circumstances, it was appropriate for the trial court to order the father to reimburse the mother for travel expenses incurred when visiting the parties' children). Because we find no abuse of discretion in the instant case, the ruling of the trial court with respect to this matter is affirmed.

Finally, Mr. Smithson argues that the trial court should have required Mrs. Hoalcraft to pay his attorney's fees. In his motion to set child support, however, Mr. Smithson did not request an award of attorney's fees. Additionally, the trial court's order on Mr. Smithson's motion to set child support is silent regarding the attorney's fees incurred by the parties. Issues not raised at trial may not be raised for the first time on appeal. *See Civil Serv. Merit Bd. v. Burson*, 816 S.W.2d 725, 734-35 (Tenn. 1991); *State Dep't of Human Servs. v. Defriece*, 937 S.W.2d 954, 960 (Tenn. Ct. App. 1996); *Stewart Title Guar. Co. v. Federal Deposit Ins. Corp.*, 936 S.W.2d 266, 270-71 (Tenn. Ct. App. 1996). Thus, because the matter of attorney's fees was never an issue at the trial court level, we are precluded from considering this matter. Mr. Smithson also requests an award of attorney's fees incurred on appeal. The present appeal is resolved partially in favor of Mrs. Hoalcraft and partially in favor of Mr. Smithson. In our discretion, we find that Mr. Smithson is not entitled to an award of attorney's fees incurred on appeal.

For the reasons set forth above, we hold (1) that the trial court erred in requiring Mrs. Hoalcraft to pay child support to Mr. Smithson, (2) that the trial court did not err in allowing Mr. Smithson to off-set his child support arrearage by the cost of airline tickets that he purchased for the parties' children, and (3) that Mr. Smithson is not entitled to an award of attorney's fees incurred at trial or on appeal. Accordingly, the ruling of the trial court is affirmed in part and reversed in part. The cause is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are charged one-half to Mrs. Hoalcraft and one-half to Mr. Smithson, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S.

_____
LILLARD, J.